IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH DURAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, et al.,<br><br>    Defendants. | Case No. 22-cv-06120-CRB<br><br>**ORDER DENYING MOTION TO STRIKE** |

Plaintiffs Ralph Duran and Michael Esparza ("Plaintiffs") allege that the COVID-19 testing program implemented by Defendants California Department of Forestry and Fire Protection, California Department of Human Resources, and their Directors Eraina Ortega and Joe Tyler (together, "Defendants") violated state and federal law. See Compl. (dkt. 1). After Defendants answered the complaint, Plaintiffs filed the instant motion, seeking to strike dozens of Defendants' asserted defenses. See Mot. (dkt. 25).

In their opposition, Defendants stated their intent to withdraw at least ten affirmative defenses based on Plaintiffs' arguments. See Opp'n (dkt. 36) at 16–17. To conserve judicial and party resources, the Court will deny Plaintiffs' motion at this time and allow Defendants the opportunity to amend their answer to withdraw and amend their asserted defenses in light of Plaintiffs' motion.[1] If, after amendment, Plaintiffs still believe

---

[1] Defendants are encouraged to withdraw any asserted defenses that, at this time, are redundant, immaterial, or implausible. If, after discovery, Defendants believe that they have a viable affirmative defense that is no longer asserted in their answer, the Court will hear argument and, absent significant prejudice to Plaintiffs, would allow that defense to be heard at trial. See Butler v. City of Huntington Beach, 25 F. App'x 568, 569 (9th Cir. 2001) ("Strict adherence to Federal Rule of Civil Procedure 8(c) is not required so long as no prejudice results." (citing Camarillo v.

they have viable arguments to make on a motion to strike, they may renew their motion.[2]

For the foregoing reasons, Plaintiffs' motion is DENIED without prejudice. Defendants may file an amended answer within 14 days.

**IT IS SO ORDERED.**

Dated: March 6, 2023



CHARLES R. BREYER
United States District Judge

---

McCarthy, 998 F.2d 638, 639 (9th Cir. 1993)).
[2] Plaintiffs are warned that motions to strike are "viewed with disfavor," and they are not to renew their motion "as a dilatory or harassing tactic." See Motion to Strike—In General, 5 Fed. Prac. & Proc. Civ. § 1380 (3d ed.).